IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICE M. DIETZ,<br><br>              Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cv-936 BCW<br><br>Magistrate Judge Brooke Wells |

      This matter came before the undersigned for oral argument on September 1, 2017. Karl Osterhout represented Plaintiff and Defendant was represented by Kathryn Bostwick. After hearing oral argument and having considered the parties' memoranda, the administrative record and relevant case law, the court finds the Administrative Law Judge's Residual Functional Capacity (RFC) determination was supported by substantial evidence and the correct legal standards were applied. The court adopts the reasoning set forth by Defendant in its answer brief.

      Specifically, the court finds the ALJ's decision is supported by the opinion of Dr. McGill and Plaintiff's own statements in the record. Dr. McGill opined that Plaintiff "was far more functional when she worked and was not sitting at home with nothing to do."[1] Plaintiff stated that she was "tired of doing phone work and I don't want to get a job in that again. Customer service are the only jobs that are there."[2] In addition, the court finds that Dr. McGill's opinion does not support the level of severe social limitations asserted by Plaintiff at oral argument. Dr. McGill opined that although she had some social issues, such as being critical of co-workers and

---

[1] Tr. 355.

[2] Tr. 352.

problems with authority, these did not prohibit her from being able to do simple work tasks. Finally, there is a history of depression in the record that could conceivably impact Plaintiff's social functioning.[3] But, the record is void of evidence indicating that Plaintiff's mental ailments were disabling as set forth by the regulations.[4]

Accordingly, the ALJ's decision is supported by substantial evidence and the correct legal standards were applied.[5] The decision of the Commissioner is therefore affirmed and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this 1 September 2017.

Brooke C. Wells
United States Magistrate Judge

---

[3] Tr. 383, 397, 484, 552.

[4] *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.").

[5] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").